1  Brad Seligman (SBN 83838)
   Catha Worthman (SBN 230399)
2  LEWIS, FEINBERG, LEE, RENAKER &
   JACKSON, P.C.
3  476 9TH Street
   Oakland, CA 94607
4  Telephone: (510) 839-6824
   Facsimile: (510) 839-7839
5  bseligman@lewisfeinberg.com
   kscott@lewisfeinberg.com
6
7  Charles Trudrung Taylor (SBN 127105)
   Ana de Alba (SBN 253917)
8  LANG, RICHERT & PATCH
   P. O. Box 40012
9  Fresno, CA 93755
   Telephone: (559) 228-6700
10 Facsimile: (559) 228-6727
   ctt@lrplaw.net
11 ada@lrplaw.net
   M:\19733\Pleadings\complaint-121311.wpd
12
13 *Counsel for Plaintiffs and the Proposed Class*

14                UNITED STATES DISTRICT COURT

15          FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 16 TROY M. LINDELL AND MARK POPE, ON BEHALF OF THEMSELVES AND ALL 17 OTHERS SIMILARLY SITUATED, | Case No. 11-784 |
| | **CLASS ACTION COMPLAINT FOR:** |
| 18         PLAINTIFFS, | **(1) FAILURE TO REIMBURSE BUSINESS** |
| 19 | **EXPENSES (CAL. LAB. CODE § 2802)** |
| 20     v. | **(2) OTHER CALIFORNIA LABOR CODE VIOLATIONS** |
| 21 SYNTHES USA, SYNTHES USA SALES LLC, SYNTHES SPINE COMPANY, LP, | **(3) OTHER VIOLATIONS OF UNFAIR** |
| 22 | **COMPETITION LAW (CAL. BUS. & PROF. CODE § 17200 et seq.)** |
| 23        DEFENDANTS. | **(4) CIVIL PENALTIES UNDER THE** |
| 24 | **CALIFORNIA PRIVATE ATTORNEY GENERAL ACT (CAL. LABOR CODE § 2699 et seq.)** |
| 25 | |
| 26 | **DEMAND FOR JURY TRIAL** |

27        Plaintiffs Troy M. Lindell and Mark Pope ("Plaintiffs"), on behalf of themselves and all

28 others similarly situated ("Class Members"), complain and allege as follows:

## NATURE OF THE ACTION

1.     This is a class action, under Federal Rule of Civil Procedure 23, seeking reimbursement for business expenses, and interest thereon; unpaid and unlawfully withheld wages, and interest thereon; restitution; declaratory relief; and other equitable relief; attorneys' fees and costs, under California Labor Code §§ 201, 202, 203, 221, 218.5, 2699 et seq. and 2802, California Code of Civil Procedure § 1021.5, and California Business and Professions Code § 17200 et seq., on behalf of Plaintiffs and all other individuals who are, will be, or have been employed as Associate Sales Consultants and/or Sales Consultants by Defendants Synthes USA, Synthes USA Sales LLC, Synthes Spine Company LP, and/or their owners, subsidiaries or affiliated companies doing business as Synthes (collectively, "SYNTHES," or "Defendants") in California at any time during the four years prior to the filing of this action through the date of the final disposition of this action (the "Class Period").

2.     Plaintiffs, and other similarly situated Sales Consultants and Associate Sales Consultants employed by SYTNHES during the Class Period (collectively, "Class Members"), are, will be, or were outside salespersons who paid out-of-pocket business expenses reasonably necessary for the performance of their jobs while employed by SYNTHES, for which Plaintiffs and Class Members have not received reimbursement from Defendants.

3.     Plaintiffs and Class Members sell or sold medical devices, implants, and instruments on behalf of SYNTHES in California.  Their sales-related duties are or were performed primarily in the field, away from SYNTHES' offices or facilities.  They made sales calls through in-person meetings with physicians and other medical staff at hospitals, doctors' offices, and other medical facilities and locations throughout California.  Sales Consultants and Associate Sales Consultants also travelled to diverse hospitals, doctors' offices, and other medical facilities to attend surgeries, performing such tasks as preparing operating rooms to implant SYNTHES devices, as well as answering questions and explaining the manner in which a device should be implanted. Sales Consultants and Associate Sales Consultants often made several trips in one day to perform multiple sales calls, to deliver items, and to attend surgeries.  They regularly worked more than forty hours a week and more than five days a week.

4.     SYNTHES, by express policy and practice, expects and requires Sales Consultants to use their own vehicles to travel to their assigned facilities, and to pay business expenses including, but not limited to, expenses for mileage, gasoline, auto insurance, auto repair and service, computer hardware and software, telephone, internet, travel, business entertainment expenses, and home office costs.

5.     By express policy and practice, SYNTHES expects and requires Associate Sales Consultants, when they are substituting for another Sales Consultant, to use their own vehicles to travel to their assigned facilities, and to pay business expenses including, but not limited to, expenses for mileage, gasoline, auto insurance, auto repair and service, computer hardware and software, telephone, internet, travel, business entertainment expenses, and home office costs.

6.     Plaintiffs and Class Members are and were paid with wages in the form of earned commissions.  They were subjected to unlawful deductions from their wages for business losses attributable only to SYNTHES, based on such issues as failure on the part of the customer to provide a purchase order within 30 days, even after items were in fact received and used by the customer.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this Complaint pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because the allegations are brought on behalf of a class of similarly situated individuals, the aggregate amount in controversy is over $5 million, the putative class members number more than 100, and no Plaintiff is a citizen of the same state as any Defendant.

8.     This Court further has jurisdiction over this Complaint based on diversity jurisdiction, 28 U.S.C. § 1332, as all Plaintiffs are citizens of California, and Defendants are citizens of Delaware and Pennsylvania.  The amount in controversy for each of the named plaintiffs exceeds $75,000.

9.     This Court has personal jurisdiction over SYNTHES because SYNTHES conducts a significant portion of its business in California, employs Plaintiffs and Class Members in California, and has designated an agent for service of process in California.

1    10.    Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(a) because

2  a substantial part of the events and omissions giving rise to Plaintiffs' claim occurred in this district.

3    11.    Intradistrict assignment to Fresno is appropriate because the events and omissions

4  giving rise to Plaintiffs' claim arose in Fresno and Kern counties.

5                                              **PARTIES**

6  **A.  Plaintiff Troy M. Lindell**

7    12.    Plaintiff Troy M. Lindell resides in Fresno, California.  He is a citizen of California.

8    13.    From 1999 until 2011, Mr. Lindell was employed by SYNTHES as a Sales

9  Consultant.

10    14.    From 2002 until 2011, Mr. Lindell's territory was concentrated within Fresno

11  County, and included at least four different hospitals and other medical facilities.  He also regularly

12  covered sales calls to other hospitals and medical facilities outside his territory in Merced, Hanford,

13  Tulare, and Visalia.  Mr. Lindell maintained an office at his home in Fresno.

14    15.    Mr. Lindell worked up to seven days a week, and often as many as 80 hours in one

15  week.  He drove on average at least 200 miles a week carrying out his duties for SYNTHES.

16    16.    Mr. Lindell was required to purchase supplies and equipment to perform his duties

17  as a Sales Consultant including, but not limited to, a cell phone, computer, software, fax, printer

18  and paper, and to pay for internet and cell phone service, parking, tolls, and business entertainment

19  expenses.

20    17.    Mr. Lindell was not reimbursed for his mileage or for his business expenses, all of

21  which were required in order for him to perform his job.

22    18.    Mr. Lindell's wages were also reduced for failure to provide completed purchase

23  orders to SYNTHES within 30 days after purchase, and/or for providing purchase orders containing

24  slight errors.  His wages were reduced by 50% of the cost of the item sold to the medical facility,

25  even though the item had many times already been implanted in a patient.

26    19.    In approximately September 2011, Mr. Lindell asked a SYNTHES' human resources

27  manager, in person, to inspect a copy of his personnel file.  Mr. Lindell was told that the file would

28  be provided.  When it was not provided, two weeks later, Mr. Lindell called, and again asked for

1  a copy of his personnel file.  Although he was told that it would be, a copy of the personnel file was

2  never provided to him.

3  **B.  Plaintiff Mark Pope**

4          20.      Plaintiff Mark Pope resides in Bakersfield, California.  He is a citizen of California.

5          21.      From 2007 to mid-2009, Mr. Pope was employed by SYNTHES as an Associate

6  Sales Consultant.  While employed as an Associate Sales Consultant, SYNTHES assigned him to

7  cover a sales territory spanning 400 miles, stretching from Porterville to Ridgecrest, including eight

8  hospitals and other medical facilities.

9          22.      From mid-2009 until mid-2010, Mr. Pope was employed by SYNTHES as a Sales

10  Consultant and covered the same 400 mile territory as he did while working as an Associate Sales

11  Consultant.   Mr. Pope drove on average at least 400 miles a week in carrying out his duties for

12  SYNTHES**.**

13          23.      Mr. Pope maintained an office at his home in Bakersfield, and was required to

14  purchase supplies and equipment for that office including, but not limited to, a cell phone,

15  computer, software, fax, printer and paper, and to pay for internet and cell phone service, parking,

16  tolls, and business entertainment expenses.  Mr. Pope was not reimbursed for his mileage or for his

17  business expenses, all of which were required in order for him to perform his job.

18  **C.  Defendants SYNTHES**

19          24.      SYNTHES is a medical device company that markets and sells medical implants

20  including, for example, plates, screws, rods, biomaterials, disc replacement, instrumentation, and

21  other devices for trauma, spinal, and orthopedic surgery.  SYNTHES is, was, or will be an employer

22  of Plaintiffs and Class Members, as described below.

23          25.      Defendant Synthes USA Sales, LLC is a citizen of the State of Delaware and the

24  Commonwealth of Pennsylvania.  It is a Delaware limited liability company and maintains its

25  principal place of business at 1302 Wrights Lane East, West Chester, Pennsylvania 19380.  At some

26  or all relevant times, Synthes USA Sales LLC is or was an employer of Plaintiffs and Class

27  Members.  At some relevant times, Synthes USA Sales LLC is listed as the employer on itemized

28  wage statements issued to Plaintiffs and Class Members.

COMPLAINT AGAINST SYNTHES, INC., ET AL.          -5-

26.     Defendant Synthes USA is a citizen of the state of Delaware and the Commonwealth of Pennsylvania.   It has its principal place of business at 1302 Wrights Lane East, West Chester, Pennsylvania 19380.  It is a general partnership, and the citizenship of its partners is Pennsylvania and Delaware because they are Delaware corporations with their principal place of business in Pennsylvania.  At some or all relevant times, Synthes USA is or was an employer of Plaintiffs and Class Members.  At some relevant times, Synthes USA is listed as the employer on itemized wage statements issued to Plaintiffs and Class Members.

27.     Defendant Synthes Spine Company LP is a citizen of the State of Delaware and the Commonwealth of Pennsylvania. It is or was a Delaware limited partnership among Synthes, Inc., Synthes (U.S.A.), and SMGT, Inc.  Synthes Spine Company, L.P. maintains and/or maintained its principal place of business at 1302 Wrights Lane East, West Chester, Pennsylvania 19380.  At some or all relevant times, Synthes Spine Company LP is or was an employer of Plaintiffs and Class Members.  At some relevant times, Synthes Spine Company is listed as the employer on itemized wage statements issued to Plaintiffs and Class Members.

## CLASS ACTION ALLEGATIONS

28.     Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class of all current, former and future Sales Consultants and Associate Sales Consultants who have been, are, or will be employed by SYTNHES in California at any time during the four years prior to the filing of this action through the date of the final disposition of this action.

29.     The members of the class are sufficiently numerous that joinder of all members is impracticable.  Plaintiffs are informed and believe that at any one time there are approximately 75 Sales Consultants working for Synthes in California and due to employee turnover, is informed and believes that during the four year class liability period, the Class Members comprise more than one hundred current and former Associate Sales Consultants and Sales Consultants.  In addition, the class includes unknown future class members who will become employed as Associate Sales Consultants and/or Sales Consultants prior to the entry of judgment in this action.  Class Members are widely dispersed geographically throughout California.  Plaintiffs are informed and believe that

1  current employees among the Class Members as well as former employees are unwilling to bring

2  individual law suits because they fear retaliation on the part of SYNTHES.

3     30.     There are questions of law and fact common to the class and these questions

4  predominate over individual questions.  Such common questions include, but are not necessarily

5  limited to:

6     a.     Whether SYNTHES has a policy or practice of failing to compensate or indemnify

7            Class Members for their necessarily incurred employment-related expenses and

8            losses;

9     b.     Whether the Class Members have necessarily incurred employment-related expenses

10           and losses in carrying out their employment duties for SYNTHES;

11    c.     Whether SYNTHES has failed to indemnify Class Members for their necessary

12           employment-related expenses and losses in violation of Cal. Labor Code § 2802;

13    d.     Whether SYNTHES' failure to indemnify Class Members for their necessary

14           employment-related expenses and losses constitutes an unlawful, unfair, and/or

15           fraudulent business practice under Cal. Business & Professions Code § 17200, et

16           seq.

17    e.     Whether SYNTHES has made deductions from the compensation paid to Class

18           Members in violation of Cal. Labor Code § 221;

19    f.     Whether SYNTHES' deductions from Class Members' compensation constitute an

20           unlawful, unfair, and/or fraudulent business practice under Cal. Business &

21           Professions Code § 17200 et seq.;

22    g.     Whether SYNTHES has violated Labor Code §§ 201-203 by failing, upon

23           termination, to timely pay California Class Members wages that were due for

24           wrongful deductions from wages;

25    h.     Whether SYNTHES' failure to pay all compensation owed to Class Members at time

26           of termination of employment constituted an unlawful, unfair, and/or fraudulent

27           business practice under Cal. Business & Professions Code § 17200 et seq.

28  ///

31.     The claims alleged by Plaintiffs are typical of the claims of the class.  As set forth herein, Plaintiffs have been subjected to the illegal policies and practices they challenge here on behalf of a class, including failure to provide reimbursement for all necessarily and actually incurred business expenses, unlawful deductions from wages, and failure to provide all wages due and owing at the time of termination or within 72 hours after separation from SYNTHES.

32.     Plaintiffs will fairly and adequately represent the interests of the class.  Plaintiffs are members of the class they seek to represent, do not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of all Class Members.  Plaintiffs' counsel are competent and experienced in litigating employment class actions, including wage and hour class actions.

33.     Class certification is also appropriate pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure because common questions of fact and law predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

34.     Class certification under 23(c)(4) is appropriate as to SYNTHES' liability, including (1) whether SYNTHES' policy and practices of failing to reimburse business expenses constitute a violation of law, as set forth herein; and/or (2) whether SYNTHES' deduction policies and practices constitute a violation of law, as also set forth herein.

## FURTHER FACTUAL BACKGROUND

**A.  Business Expenses**

35.     SYNTHES operates, and at all times during the Class Period has done business, throughout California.

36.     Since at least four years prior to the filing of this action, SYNTHES has maintained business expense policies and/or practices that deny lawful reimbursement and/or compensation to their Associate Sales Consultants and Sales Consultants.

37.     The policies and/or practices maintained by SYNTHES require, and/or knowingly permit, Sales Consultants and Associate Sales Consultants to pay for expenses incurred in direct

///

consequence of discharging their sales duties on behalf of SYNTHES. Such expenses include, but are not limited to, the following:

    a.    Maintenance of a motor vehicle and all travel-related expenses, including vehicle insurance, mileage, gasoline, parking, and tolls incurred while driving their vehicles for business.

    b.    Purchase, maintenance and use of cellular telephones and monthly service plans for communications with Defendants' customers, prospective customers, and other employees for business.

    c.    Purchase, maintenance and use of home office equipment such as computers, printers, copiers, faxes, internet, and related supplies used to produce and communicate documents and information for customers and sales presentations.

    d.    Business entertainment expenses for customers and prospective customers including meals at restaurants and take-out meals provided on the sites of hospitals, doctors' offices, and the locations of other customers and prospective customers.

38. While SYNTHES did reimburse Associate Sales Consultants for some of their expenses, including some of their mileage expenses, SYNTHES did not reimburse Associate Sales Consultants for any of their expenses when they were serving in the capacity of Sales Consultants.

39. SYNTHES has maintained the same business policies and/or practice related to reimbursement and deductions, or substantially similar business policies and/or practices, throughout California and throughout the Class Period.

40. SYNTHES is aware and informed that Sales Consultants and Associate Sales Consultants regularly incur business expenses in the discharge of their duties, as employees, in excess of any reimbursements that may be provided to them. SYNTHES nevertheless fails and refuses to reimburse Sales Consultants and Associate Sales Consultants incurred by them in their work soliciting and selling medical devices to SYNTHES' customers and prospective customers throughout California.

41. Plaintiffs and Class Members have been harmed by SYNTHES' unlawful business expense policies and/or practices in that they have not been paid for business expenses incurred

1    while employed by SYNTHES, as alleged above, thereby diminishing their agreed-upon

2    compensation, in amounts to be proved at trial.

3        42.    On wage statements provided to Plaintiffs and Class Members, SYNTHES did not

4    identify any portion of the compensation paid to Plaintiffs and Class Members that was intended

5    to reimburse Plaintiffs and Class Members for the expenses actually and necessarily incurred in the

6    course of their employment for SYNTHES.

7    **B. Unlawful Deductions**

8        43.    SYNTHES pays its Sales Consultants based on commissions, determined at a rate

9    of 12.5 percent per medical device sold.

10       44.    SYNTHES pays its Associate Sales Consultants a base salary and a small

11   commission at a rate of 0.5 to 1 percent per medical device sold.

12       45.    SYNTHES maintained and maintains a policy and practice of reducing commissions

13   for completed sales that were not submitted on correctly filled-out purchase orders within 30 days.

14    After the Sales Consultant and/or Associate Sales Consultant completed a sale, the item would be

15   delivered to the customer along with a receipt.  SYNTHES policy required the customer to provide

16   a purchase order to the Sales Consultant and/or Associate Sales Consultant, who was required to

17   submit the purchase order to SYNTHES within 30 days of the shipment of the device.  If the

18   purchase order was not provided, one half of the price of the devices noted on that purchase order

19   was deducted from the Sales Consultant's and/or the Associate Sale's Consultants pay.

20       46.    SYNTHES also maintained a policy and practice of reducing commissions where

21   a Sales Consultant filled out a purchase order with minor mistakes, for example, if reference

22   numbers used to indicate a particular facility were mistaken, including even just by one digit, the

23   Sales Consultant would still have pay deducted even though both the Purchase Order and reference

24   number were submitted within 30 days.

25       47.    Once a Sales Consultant's or Associate Sales Consultant's commission was reduced,

26   SYNTHES refused to refund the deducted amount even when the Purchase Order and reference

27   number were later submitted or corrected.

28   *///*

COMPLAINT AGAINST SYNTHES, INC., ET AL.        -10-

1

**FIRST CAUSE OF ACTION**

2

**(VIOLATION OF CALIFORNIA LABOR CODE § 2802)**

3      48.      The allegations of each of the preceding paragraphs are realleged and incorporated

4    herein by reference.

5      49.      While acting on the direct instruction of SYNTHES and discharging their duties for

6    them, Plaintiffs and similarly situated Class Members have incurred work-related expenses. Such

7    expenses include, but are not limited to, the purchase or lease of vehicles, fuel, maintenance,

8    insurance, parking, tolls, and other vehicle operating costs; maintenance and use of cellular

9    telephones and monthly service plans for communications with Defendants' customers, prospective

10   customers, and other employees for business; maintenance and use of home office equipment such

11   as computers, printers, copiers, faxes, internet, and related supplies used to produce and

12   communicate documents and information for customers and sales presentations; and business

13   entertainment expenses for customers and prospective customers including meals at restaurants and

14   take-out meals on the sites of hospitals, doctors' offices, and other locations of customers and

15   prospective customers.

16      50.      SYNTHES has failed to indemnify or in any manner reimburse Plaintiffs and

17   similarly situated Class Members for these expenditures and losses, all of which constitute

18   necessary and actually incurred business expenses. By requiring employees to pay expense and

19   cover losses that they incurred in direct consequence of the discharge of their duties for SYNTHES

20   and/or in obedience to SYNTHES' direction, SYNTHES has violated and continues to violate Cal.

21   Lab. Code § 2802.

22      51.      As a direct and proximate result of SYNTHES' conduct, Plaintiffs and similarly

23   situated Class Members have suffered substantial losses according to proof, as well as pre-judgment

24   interest, costs, and attorneys' fees pursuant to statute and applicable law.

25

**SECOND CAUSE OF ACTION**

26

**(VIOLATION OF CAL. LABOR CODE § 221)**

27      52.      The allegations of each of the preceding paragraphs are realleged and incorporated

28   herein by reference.

53.     California Labor Code § 221 provides: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." Commissions are wages within the meaning of Cal. Lab. Code § 221.

54.     Cal. Lab. Code § 221 prohibits deductions from an employee's wages for reasonably expected business losses. Cal. Lab. Code §§ 221-223 and §§ 400-410 express the public policy of the State of California to protect employees' expectations with regard to their wages, including their commissions, and to prevent fraud and deceit in the employment relationship.

55.     SYNTHES has violated Cal. Lab. Code § 221 and acted inconsistently with Cal. Lab. Code §§ 221-223 and §§ 400-410 by deducting from the earned commissions of Associate Sales Consultants and Sales Consultants even after customers of SYNTHES pay their bills for SYNTHES medical equipment and devices, even when that equipment and devices have been implanted in a patient by a surgeon, based on minor, negligent mistakes in filling out purchase order forms and entering purchase order numbers.

56.     As a direct and proximate result of SYNTHES' conduct, Plaintiffs and similarly situated Class Members have suffered substantial losses according to proof, as well as pre-judgment interest, costs, and attorneys' fees pursuant to statute and applicable law.

**THIRD CAUSE OF ACTION**

**(VIOLATION OF CAL. LABOR CODE §§ 201 - 203)**

57.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

58.     California Labor Code §§ 201 and 202 require SYNTHES to pay its employees all wages due within the time specified by law.

59.     California Labor Code § 203 provides: "If an employer willfully fails to pay, without abatement or reduction, in accordance with sections 201, 201.5, 202 and 205.5, any wages of an employee who is discharged or quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

///

60.     SYNTHES intentionally failed to pay Plaintiffs and Class Members portions of their earned commissions that SYNTHES knew were due and owing to Plaintiffs and Class Members, by deducting for late payments by SYNTHES' customers and for minor mistakes in recording sales orders.

61.     More than thirty days have passed since many Class Members left SYNTHES' employ.

62.     As a consequence of SYNTHES' willful conduct in not paying compensation for all hours worked, Class Members whose employment ended during the Class Period are entitled to up to thirty days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs pursuant to statute and applicable law.

### FOURTH CAUSE OF ACTION

### (VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW,

### CAL. BUS. & PROF. CODE § 17200)

63.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

64.     SYNTHES' acts and commissions alleged herein violate the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.  Section 17200 prohibits unfair competition by engaging in, among other things, any unlawful or unfair business acts or practices.

65.     Beginning on a date unknown to Plaintiffs, but at least as long ago as four years before the filing of this action, SYNTHES committed and continues to commit acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein.

66.     SYNTHES' conduct as herein alleged has injured Plaintiffs and Class Members by wrongfully denying them earned wages and reimbursement for business expenses, and therefore was substantially injurious to Plaintiffs and Class Members.

67.     SYNTHES engaged in unfair competition in violation of the UCL by violating, inter alia, California Labor Code § 2802, California Labor Code § 221 and California Labor Code § 203. Each of these violations constitutes an independent and separate violation of the UCL.

68.     SYNTHES' course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. SYNTHES' conduct described herein violates the policy and spirit of such laws and otherwise significantly threatens and harms competition.

69.     Plaintiffs, on behalf of themselves and Class Members, seek restitution in the amount of their unreimbursed business expenses and unpaid wages earned, and such other legal and equitable relief from SYNTHES' unlawful and willful conduct as the Court deems just and proper, as well as attorneys' fees and costs.

## VIOLATION OF PRIVATE ATTORNEY GENERAL ACT

### (CAL. LAB. CODE § 2698 ET SEQ.)

70.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

71.     On a representative and/or a class action basis, Plaintiffs seek recovery of penalties under the California Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code § 2698 et seq.

72.     PAGA permits an "aggrieved employee" to recover penalties on behalf of himself and other current or former employees as a result of an employer's violations of the California Labor Code, including but not limited to violations of Cal. Lab. Code §§ 201-203 and § 2804.

73.     As set forth above, Defendant has violated sections of the California Labor Code, including but not limited to Cal. Lab. Code §§ 201-203, and § 2804.

74.     In an additional violation of the California Labor Code, Defendant has failed to allow inspection of personnel files in violation of California Labor Code §1198.5, and has failed to provide copies of instruments employees have signed in violation of California Labor Code § 432.

75.     Plaintiffs are aggrieved employees because they are and/or were employed by the alleged violator and the alleged violations were committed against them.

76.     Plaintiffs will comply with the PAGA notice provision set forth in Cal. Lab. Code § 2699.3(a)(1), by providing a certified letter with a copy of this Complaint to the Labor Workforce Development Agency and the employer of the specific provisions of the California Labor Code

1 | alleged to have been violated, including the facts and theories to support the alleged violations.

2 | When exhaustion is complete, Plaintiffs will amend this complaint to so indicate.

3 |      77.    Plaintiffs request civil penalties against SYNTHES for its violations of California

4 | Labor Code, as provided under Cal. Lab. Code § 2699(f), plus reasonable attorneys' fees and costs,

5 | in amounts to be proved at trial.

6 | **PRAYER FOR RELIEF**

7 |     WHEREFORE, Plaintiffs on behalf of themselves and all Class Members, pray for relief

8 | as follows:

9 |     A.    Certification of this action as a class action on behalf of the proposed class;

10 |     B.    Designation of the Plaintiffs as Representatives of the class they seek to represent;

11 |     C.    Appropriate civil penalties under Cal. Lab. Code §§ 2698 et seq.;

12 |     D.    An award of compensatory damages , liquidated damages, and restitution to be paid

13 |           by SYNTHES according to proof;

14 | ///

15 | ///

16 | ///

17 | ///

18 | ///

19 | ///

20 | ///

21 | ///

22 | ///

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

COMPLAINT AGAINST SYNTHES, INC., ET AL.    -15-

E.       Pre-Judgment and Post-Judgment interest, as provided by law;

F.       Such other equitable relief as the Court may deem just and proper; and

G.       Attorneys' fees and costs of suit, including but not limited to expert fees and fees pursuant to Cal. Lab. Code § 218.5, Cal. Civ. Proc. Code § 1021.5, and any other applicable law.

Dated:  December 13, 2011                          Respectfully submitted,


By:_____/s/ Catha Worthman_____
              Catha Worthman

Brad Seligman (SBN 83838)
Catha Worthman (SBN 230399)
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
476 9th Street
Oakland, California 94607
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
bseligman@lewisfeinberg.com
cworthman@lewisfeinberg.com


By:_____/s/ Charles Trudrung Taylor_____
              Charles Trudrung Taylor

Charles Trudrung Taylor (SBN 127105)
Ana de Alba (SBN 253917)
LANG, RICHERT & PATCH
P. O. Box 40012
Fresno, California 93755
Telephone: (559) 228-6700
Facsimile: (559) 228-6727
ctt@lrplaw.net
ada@lrplaw.net

*Counsel for Plaintiffs and the Proposed Class*

1

## JURY TRIAL DEMAND

2       Plaintiffs, on behalf of themselves and all Class Members, hereby demand a jury trial on all

3  causes of action and claims with respect to which they have a right to a jury trial

4  Dated:  December 13, 2011                Respectfully submitted,

5

6                                      By:_____ */s/ Catha Worthman*_____
                                            Catha Worthman

7

8                                      Brad Seligman (SBN 83838)
                                        Catha Worthman (SBN 230399)

9                                      LEWIS, FEINBERG, LEE, RENAKER &
                                      JACKSON, P.C.

10                                     476 9th Street
                                     Oakland, California 94607

11                                    Telephone: (510) 839-6824
                                   Facsimile: (510) 839-7839

12                                     bseligman@lewisfeinberg.com
                                   cworthman@lewisfeinberg.com

13

14                                    By:_____ */s/ Charles Trudrung Taylor*_____
                                          Charles Trudrung Taylor

15                                    Charles Trudrung Taylor (SBN 127105)
                                     Ana de Alba (SBN 253917)

16                                     LANG, RICHERT & PATCH
                                     P. O. Box 40012

17                                     Fresno, California 93755
                                     Telephone: (559) 228-6700

18                                     Facsimile: (559) 228-6727
                                   ctt@lrplaw.net

19                                    ada@lrplaw.net

20

21                                    Counsel for Plaintiffs and the Proposed Class

22

23

24

25

26

27

28