1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TROY LINDELL AND MARK POPE, | ) | CASE NO. 1:11-cv-2053 LJO-BAM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER TO STAY ACTION AND TO SET** |
| | ) | **STATUS CONFERENCE** |
| SYNTHES, USA., *et. al.*: | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |

        Plaintiffs in this case are Troy Lindell and Mark Pope ("Plaintiffs"), former employees of
Defendant Synthes, USA ("Synthes"), a major medical device manufacturer.  Plaintiffs have sued
Synthes on behalf of a putative class of current, former, and future Synthes employees for various
Labor Code violations ("Pope Action").  Synthes has moved for an order staying the Pope Action
pending the outcome of a bankruptcy proceeding in the related case of *In re Mark Randall Pope,* case
no. 1:11-cv-12222 (the "Pope Bankruptcy"), which is currently pending before the Bankruptcy Court
of this District and Division.  Plaintiffs' filed an opposition to the motion (Doc. 42), to which
Synthes replied on May 4, 2012  (Doc. 46).  The matter was taken under submission without oral
argument by this Court on May 7, 2012.  (Doc. 47).  For the reasons that follow, the Court orders
that Defendant's Motion to Stay is GRANTED.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 13, 2011, Plaintiffs filed the proposed class action seeking reimbursement for business expenses and unlawfully withheld wages on behalf of a putative class of former, and future sales consultants employed in California by Synthes. (Pl's Compl. at ¶ 1, Doc.  24).  According to the Complaint, the sales consultants in the proposed class worked overtime hours and traveled frequently without proper reimbursement and compensation.  (*Id.* at ¶ 3.)  As alleged, Plaintiffs' claim Synthes wrongfully denied sales consultants business expense reimbursement in violation of California Labor Code § 2802 and took unlawful wage deductions in violation of California Labor Code §§ 221, 223, and 300.  (*Id.* at ¶¶ 70–84).  Plaintiffs have also pleaded violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*., and seek related civil penalties under the California Private Attorneys General Act of 2004 ("PAGA"). (*Id.* at ¶¶ 91-105.).

### A.     Pertinent Procedural History

On June 6, 2010, Synthes commenced and action against Mark Pope in the United States District Court for the Eastern District of Pennsylvania for an alleged failure to honor a non-compete agreement. ("Synthes Action").  (Doc. 31, Ex. 1).  On September 10, 2010, the Pennsylvania Court entered an order enjoining Pope from certain solicitation activities and imposing a judgment in favor of Synthes for over $156,000.00.  (Doc. 31, Ex. 2).

On February 25, 2011, after the Pennsylvania default judgment was entered, Pope sought bankruptcy protection in the United States Bankruptcy Court for the Eastern District of California. (Pl's Opp'n. at 5, Worthman Decl. ¶ 3, Ex. 1).  On April 26, 2011, the Bankruptcy Trustee determined that Pope's bankruptcy case  was no asset case. (Doc. 31, Ex. 4).  Pope was granted a discharge, and a final decree was entered on June 30, 2011.  The Pope Bankruptcy was subsequently closed on July 11, 2011.  (*Id.*)

As seen above, after receiving a discharge of his debts, on December 13, 2011, Pope and Lindell commenced the Pope Action against Synthes. (Doc. 1).  Several months later, on March 15, 2012, Pope moved to reopen his bankruptcy proceedings in order to schedule the potential asset involved with his stake in the Pope Action.  The Bankruptcy Court for the Eastern District of California reopened Pope's case, and again directed the appointment of a Chapter 7 Bankruptcy

Trustee.  (Worthman Decl., Doc. 42, Ex. 2).  After the bankruptcy was reopened, Pope amended his Schedules to include his claim against Synthes.  On April 25, 2012, Synthes moved in the Bankruptcy Court for an order to vacate the order reopening the case, which is still pending before the Bankruptcy Court. (Worthman Decl. ¶ 3, Ex. 1).

On May 5, 2012, having found that Pope's bankruptcy was a no asset case, the Bankruptcy Trustee again requested a discharge from any further duties as trustee in the Pope Bankruptcy.  Pope has until June 2, 2012 to file any objections to the trustee's determination.  If no objections are filed, the Bankruptcy Court will enter an order discharging the trustee and closing the case.  *In re Mark Randall Pope* (case no. 1:11-cv-12222).

Synthes now moves for an order staying the underlying Pope Action pending the final determination of the Pope Bankruptcy.

## **LEGAL STANDARD**

Federal district courts have the power to stay ongoing proceedings "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Where there is an independent proceeding related to a matter before the trial court, the Court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which may bear upon the case." *Mediterranean Enters. v. Ssangyong Corp*., 708 F.2d 1458, 1465 (9th Cir. 1983).

In determining whether a stay is appropriate, the Court is to consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Landis*, 299 U.S. at 254. A district court's decision to grant or deny a stay is a matter of discretion. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). The party seeking a discretionary stay bears the burden of proving that a stay is warranted. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997).

1

**DISCUSSION**

2

**A.      *Summary of the Parties' Positions***

3      Synthes now moves to stay this action pending the final resolution of the Bankruptcy Case.

4  In Synthes view, a stay of the Pope Action is necessary because it will determine whether Pope, as

5  a potential class representative, has standing to bring a claim against Synthes.  Thus, the judgment

6  in Pope's bankruptcy proceeding directly affects the issues and claims in the Pope Action.

7  According to Synthes, it should not be forced to litigate this action in the face of uncertainty

8  regarding threshold issues with respect to Pope's standing and a possible bar of Pope's claims

9  against Synthes resulting from his earlier filed bankruptcy.

10      Plaintiffs argue that this action should not be stayed.  According to Plaintiffs', "standing is

11  satisfied if at least one named plaintiff meets the requirements."  *Bates v. United Parcel Serv., Inc.*,

12  511 F.3d 974 (9th Cir. 2007).  Lindell is prepared to serve as the class representative in the Pope

13  Action and thus any standing issues with respect to Pope are irrelevant.  (Pls'. Opp'n at 6).

14

**B.      *A Stay is Appropriate***

15      After considering the parties' arguments, the Court finds that  a stay pending the Bankruptcy

16  Court's resolution of *In re Mark Randall Pope* (case no. 1:11-cv-12222), is the fairest course for the

17  parties.  At the outset, the Court recognizes that the existence of another proceeding that may have

18  a substantial impact on a pending case is a particularly compelling reason to grant a stay.  *See Leyva*

19  *v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979).  This rule applies

20  whether the separate proceedings are judicial, administrative, or arbitral in character, and does not

21  require that the issues in such proceedings are necessarily controlling of the action before the court.

22  *See  S.E.C. v. Global Materials and Services, Inc.*, No. SACV 08-0881 DOC (RNBx), 2008 U.S.

23  Dist. LEXIS 97243, 2008 WL 4948748, *2 (C.D. Cal. Nov. 17, 2008).  Pope's bankruptcy represents

24  a separate judicial proceeding—while not controlling—that  will directly affect the case at hand.  If

25  Pope's bankruptcy is reopened on a final basis, Pope will not have standing to pursue his claims

26  against Synthes.  In a Chapter 7 proceeding, only the trustee, and not the debtor, may prosecute a

27  lawsuit on behalf of the bankruptcy estate. *Griffin v.  Allstate Ins.  Co*, 920 F.Supp.  127, 130 (C.D.

28

Cal. 1996). The existence of this proceeding and its potential to alter the course of the Pope Action weighs in favor of granting the stay.

The duration of the requested stay also strongly weighs in favor of granting the stay. The Supreme Court in *Landis* recognized that a stay is unlawful if not concluded within reasonable time limits. *Landis*, 299 U.S. at 257 (a stay "is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits"). Here, Plaintiffs have not presented any compelling argument suggesting that the bankruptcy proceedings will be protracted. In reality, the evidence suggests that the resolution of any remaining bankruptcy issues is proceeding expeditiously. The Bankruptcy Trustee has already issued its decision, and after a brief objection period, ending June 2, 2012, the Bankruptcy Court will issue its final determination. Therefore, the stay of the action would conclude within a reasonable period of time, significantly minimizing the possible damage of granting the stay.

Further, the posture of this case also weighs in favor of granting the stay. "In determining whether to grant a stay, Courts may also consider the stage in litigation, whether substantial discovery has already taken place, and whether the matter has been set for trial." *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1380 (N.D. Cal. 1994). *Id.* Although this action was filed on December 13, 2011, the Court has not conducted its initial scheduling conference under Federal Rule of Civil Procedure 26(f). The parties are in the initial stages of the lawsuit and if any discovery has taken place, it has just begun. Moreover, the case has not been set for trial. Counter-claims have now been filed and as the parties determine which causes of action to allege, a clear indicator of the proper parties is critical not only to Synthes, but to the unnamed parties in the putative class. Therefore, a stay at this juncture could assist the parties in alleging their claims.

Synthes has also made a compelling case of hardship or inequity. If Pope's case is not reopened on a final basis, Pope's claims will belong to the bankruptcy estate and Pope will not have standing to purse claims against Synthes. *See e.g. Griffin,* 920 F.Supp. at 130. This presents a notable burden to Synthes in not staying the case because it requires them to undergo the expense of discovery as to Pope while waiting for the Bankruptcy Court's final decision—which could alter

Pope's claims.  It would be unjust for Synthes to have to litigate this case and incur related expenses with respect to an improperly named plaintiff.

Contrary to Plaintiffs' argument that Pope's standing is irrelevant to the Pope action, this Court's conclusion to stay the case is not undermined by the holding in *Bates v. United Parcel Services*.  The Ninth Circuit in *Bates* stated that "[i]n a class action, standing is satisfied if at least one named plaintiff meets the requirements." *Bates*, 511 F.3d at 984.  However, as other courts have noted, *Bates* did not resolve the question of whether all members of a class must satisfy Article III requirements. *See, e.g., O'Shea v. Epson Am., Inc.,* 2011 U.S. Dist. LEXIS 105504 (C.D. Cal. Sept. 19, 2011)(distinguishing *Bates*)*; Burdick v. Union Security Ins. Co.*, No. CV07-4028 ABC (JCx), 2009 U.S. Dist. LEXIS 121768, 2009 WL 4798873, at *4 (C.D. Cal. 2009) ("As an initial matter, nowhere in *Bates* does the Ninth Circuit actually address whether absent class members are required to have Article III standing.").  Thus, Pope's existence as an absent class member could still affect other members of the class.  Further, while Plaintiffs' argue that Lindell and not Pope will serve as class representative, no motion to voluntarily dismiss Pope has been filed.  Thus, in the Court's view, his status as a named plaintiff and a proposed class representative has not changed.  Avoiding potential standing issues early on in this matter is likely to simplify the potential issues before the Court, and aid in the speedy resolution of the action, while conserving judicial resources and the parties' time and resources.

For the reasons listed above, the Court finds that, in light of the pending bankruptcy matter, a stay of all proceedings in this case pending resolution of the bankruptcy matter is appropriate.

## **CONCLUSION**

Therefore, IT IS HEREBY ORDERED Defendants Motion to Stay Action Pending Final Resolution by the Bankruptcy Court (Doc. 35) is GRANTED.

Therefore, the Court:

1.      STAYS this action until the final determination of the bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of California;

2.      DIRECTS Plaintiffs Troy Lindell and Mark Pope to inform this Court of the Bankruptcy Court's decision when it is rendered; and

3.      VACATES the Scheduling Conference SET for June 25, 2012 at 8:30 a.m. in Department 8 (BAM).

4.      SETS a status conference for July 16, 2012 at 9:30 a.m. in Department 8 (BAM). Counsel are encouraged to appear at the status conference by telephone by arranging a one-line conference call and adding the Court at (559) 499-5789.  At the status conference, counsel shall be prepared to discuss the status of the Bankruptcy Proceeding and whether to continue the stay of this action.

IT IS SO ORDERED.

**Dated:** __**May 10, 2012**__          _____**/s/ Barbara A. McAuliffe**_____
                                          UNITED STATES MAGISTRATE JUDGE

7