1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

TROY M. LINDELL AND MARK POPE, ON
BEHALF OF THEMSELVES AND ALL OTHER
SIMILARLY SITUATED,

                                 Plaintiffs,

    vs.

SYNTHES USA, SYNTHES USA SALES LLC,
SYNTHES SPINE COMPANY, LP,

                                 Defendants.

Case No. 1: 11-cv-02053-LJO-BAM

**ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION TO COMPEL**

Plaintiff Troy Lindell ("Plaintiff") brings this putative class action against defendants
Synthes USA, Synthes USA Sales LLC, and Synthes Spine Company, LP (collectively,
"Defendants" or "Synthes") for violations of the California Labor Code and California Unfair
Competition Law.  Plaintiff alleges that Defendants maintained two expressly illegal policies and
practices, including (1) failing to reimburse sales consultants for all necessary business expenses in
violation of Cal. Labor Code § 2802, and (2) taking deductions for Synthes' own business losses
from sales consultants' earned commissions in violation of Cal. Labor Code §§ 221, 223, and 300.

On March 29, 2013, Plaintiff filed a Motion to Compel Production of Documents and Further
Responses to Interrogatories from Defendants.  (Doc. 69.)  The Court heard oral argument on June
14, 2013.  Counsel Angelica Jonco, Charles Taylor, Ana de Alba and Catha Worthman appeared
telephonically for Plaintiff.  Counsel Anthony Haller appeared telephonically for Defendants.
Having carefully considered the parties' submissions and the entire record in this case, the Court
GRANTS IN PART AND DENIES IN PART Plaintiff's Motion to Compel.

1                                  **<u>DISCUSSION</u>**

2   **A.**     **Legal Standard**

3         Rule 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter

4 that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "Relevant information need

5 not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery

6 of admissible evidence." *Id.* Relevance requires only that the evidence have "any" tendency to

7 prove or disprove "any" consequential fact. This test incorporates two separate components: (1)

8 Logical relevance, meaning the evidence must have some tendency, however slight, to make any fact

9 more or less probable; and (2) Legal Relevance, meaning the evidence must relate to a fact "of

10 consequence" to the case, i.e., will the "fact" that the evidence is offered to establish help in

11 determining some issue in the case? *See, Guthrey v. California Dept. of Corrections and*

12 *Rehabilitation,* 2012 WL 2499938 (E.D. Cal. 2012), citing, Jones & Rosen, Federal Civil Trials and

13 Evidence (2011) Evidence, para. 8:111, p. 8B-2. 'Generally, the purpose of discovery is to remove

14 surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve

15 their dispute.' " *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D.Cal.2005) (quoting *Oakes v.*

16 *Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D.Cal.1998)).

17         A responding party that objects to interrogatories or requests for production of documents is

18 required to state objections with specificity. Fed. R. Civ. P. 33(b)(4); 34(b)(2)(B). If the party

19 requesting discovery is dissatisfied with any of the responses, the party may move to compel further

20 responses by informing the court "which discovery requests are the subject of [the] motion to

21 compel, and, for each disputed response, inform the [c]ourt why the information sought is relevant

22 and why [the opposing party's] objections are not justified." *Ellis v. Cambra,* No. 02-cv-5646 AWI

23 (SMS), 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008); *Brooks v. Alameida*, No. 03-cv-2343

24 JAM (EFB), 2009 WL 331358 (E.D. Cal. Feb. 10, 2009).

25         Under Rule 26, a court must limit the frequency or extent of discovery if it determines any of

26 the following: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained

27 from some other source that is more convenient, less burdensome, or less expensive; (ii) the party

28 seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

1

1    (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the

2    needs of the case, the amount in controversy, the parties' resources, the importance of the issues at

3    stake in the action, and the importance of the discovery in resolving the issues.  Fed. R. Civ. P. 26(b)

4    (2)(C)(iii). "In each instance [of discovery], the determination whether ... information is discoverable

5    because it is relevant to the claims or defenses depends on the circumstances of the pending action."

6    Fed. R. Civ. P. 26 Advisory Committee's note (2000 Amendment) (Gap Report) (Subdivision

7    (b)(1)).

8    **B.      Plaintiff's Motion to Compel**

9           Plaintiff's Motion to Compel Discovery seeks three categories of information: (1) responses

10   to interrogatories and requests for production of documents supporting Defendants' contention that

11   class certification is not proper in this case (hereinafter referred to as "Plaintiff's Contention

12   Interrogatories"); (2) class-wide discovery of information concerning expense reimbursement,

13   deductions and wage statements (hereinafter referred to as "Plaintiff's Class-wide Discovery

14   Requests"); and (3) communications with and among witnesses and/or putative class members

15   (hereinafter referred to as "Plaintiff's Communications Discovery").  The Court addresses each in

16   turn.

17          **1.      Plaintiff's Contention Discovery**

18          Defendants' Amended Answer and Affirmative Defenses state that this action cannot be

19   maintained as a class action.  See, ECF No. 64 ¶¶ 39-44, 46-51 & 3rd Affirmative Defense.  Plaintiff

20   subsequently propounded the following interrogatories to explore this contention:

21          INTERROGATORY NO. 1:
22          With respect to YOUR contention that joinder of all members of the putative class in
             this action is not impracticable:
23          A. State the bases (including ALL facts and the application of law to FACT) for such
             contention; AND
24          B. IDENTIFY each PERSON who has any knowledge of such contention.

25          INTERROGATORY NO. 2:
             With respect to YOUR contention that there are not questions of law and fact
26          common to the class that are answerable on a common basis classwide:
             A. State the bases (including ALL facts and the application of law to FACT) for such
27          contention; AND
             B. IDENTIFY each PERSON who has any knowledge of such contention.
28
             INTERROGATORY NO. 3:

With respect to YOUR contention that the claims alleged by PLAINTIFF are not typical of the claims of the putative class:
A. State the bases (including ALL facts and the application of law to FACT) for such contention; AND
B. IDENTIFY each PERSON who has any knowledge of such contention.

INTERROGATORY NO. 4:
With respect to YOUR contention that PLAINTIFF will not fairly AND adequately represent the interests of the class:
A. State the bases (including ALL facts and the application of law to FACT) for such contention; AND
B. IDENTIFY each PERSON who has any knowledge of such contention.

INTERROGATORY NO. 5:
With respect to YOUR contention that common questions of fact AND law do not predominate over questions affecting only individual members of the class:
A. State the bases (including ALL facts and the application of law to FACT) for such contention; AND
B. IDENTIFY each PERSON who has any knowledge of such contention.

INTERROGATORY NO. 6:
With respect to YOUR contention that a class action is not superior to other available methods for the fair AND efficient adjudication of this litigation:
A. State the bases (including ALL facts and the application of law to FACT) for such contention; AND
B. IDENTIFY each PERSON who has any knowledge of such contention.

INTERROGATORY NO. 7:
With respect to YOUR contention that class certification is not appropriate pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure:
A. State the bases (including ALL facts and the application of law to FACT) for such contention; AND
B. IDENTIFY each PERSON who has any knowledge of such contention.

INTERROGATORY NO. 8:
With respect to YOUR contention that class certification is not appropriate pursuant to Rule 23(c)(4) of the Federal Rules of Civil Procedure:
A. State the bases (including ALL facts and the application of law to FACT) for such contention; AND
B. IDENTIFY each PERSON who has any knowledge of such contention.

(Doc. 79, 12-13.)  Among other arguments, Defendants' primary objection/response to these

interrogatories is as follows:

RESPONSE TO INTERROGATORIES NOs.1- 8:
Plaintiff has neither responded fully to Synthes' Interrogatories to Troy Lindell (Set Two) which seek information in support of Plaintiff's burden on class certification under Rule 23, nor moved for class certification where Plaintiff is required by law to carry the burden on each Rule 23 requirement. Since Plaintiff has not yet moved for class certification, and in fact, may never do so, the purported "contention" is not ripe for resolution or consideration. Accordingly, Defendant is unable to respond to the interrogatory because of ongoing discovery and investigation, and until Plaintiff actually files a motion for class certification, if ever, identifying the class he seeks to represent. See Fed. R. Civ. Proc. 33(a)(2) (a court may order that contention interrogatory need not be answered until designated discovery is complete, or until a

3

**ORDER**

pretrial conference or some other time); see also, *Yingling v. eBay, Inc.*, 2010 U.S. Dist. LEXIS 12800, *7-8 (N.D, Cal. Jan. 29, 2010) (citing *In re Priceline.com Inc. Sec. Litig.*, 233 F.R.D. 83, 86-87 (D. Conn. Nov. 23, 2005)).

Plaintiff argues that because Defendants' Answer disputes Plaintiff's claims can be maintained as a class action, Plaintiff is entitled to know Defendants' basis for this assertion. Defendants respond they should not be required to answer this interrogatory until they have "full knowledge of Plaintiff's theories on class certification." (Doc. 79, 17: 2-3.) Specifically, Defendants respond that it does not want to be "left in the predicament of having to respond to contention interrogatories regarding its defenses without having full knowledge of Plaintiffs' theories on class certification, [and] that it would revisit its objections and respond once all other outstanding discovery has been finalized and Plaintiff supplemented his responses to Synthes' mirror contention interrogatories with citations to record evidence as required by *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541." (Doc. 79, 17, 1-6.)

The Court will compel Defendants to respond to Plaintiff's Contention Interrogatories. First, Defendants' argument that Plaintiff has not properly responded to Defendants' "mirror" interrogatories is irrelevant. "Discovery is not conducted on a 'tit-for-tat' basis." *National Academy of Recording Arts & Sciences, Inc v. On Points Events, LP*, 256 F.R.D. 678 (C.D. Cal. 2009); *Lumbermens Mut. Casualty Ins. Co. v. Maffei*, 2006 WL 2709835, *5 n. 21 (D.Alaska 2006) ("The court does not consider 'tit-for-tat' objections to discovery to be legitimate objections. If the opposing party is recalcitrant in responding to discovery requests, the rules provide a mechanism for compelling responses and/or imposing sanctions. The rules do not authorize one party to withhold discoverable material in retaliation for the opposing party's withholding of discoverable material.") Plaintiff's purported nonresponse to Defendant's discovery is not grounds for refusing to respond to propounded discovery.

Second, Defendants' argument that Defendants should not be required to respond to Plaintiff's contention interrogatories until Plaintiff supplements his responses with citations to the record is without merit. Defendants' interrogatories, which were propounded on Plaintiff, do not request Plaintiff to tether his responses to evidence in the record. *See*, Doc. 80, Attach. 3 (Defendant requested Plaintiff "(a) state the basis (including all facts and the application of LAW to facts) for

such contention, and do so separately for the Reimbursement Claim and Deduction Claim; (b) State each fact common to the putative class, and do so separately for the Reimbursement Claim and the Deduction Claim; (c) State each legal issue, with citations to supporting case law, common to the putative class; (d) identify each person who has knowledge of any such contention."  Moreover, *Walmart v. Dukes* does not require Plaintiff to provide citations to the record in responding to interrogatories.  *Dukes* does not change a representative plaintiff's burden in responding to interrogatories under Rule 33.  Rather, *Dukes* concerned the burden placed on plaintiffs seeking Rule 23 certification.  *See, Dukes,* 131 S. Ct at 2546 ("We consider whether the certification of the plaintiff class was consistent with Federal Rules of Civil Procedure 23(a) and (b)(2).")  Indeed, in light of *Dukes'* requirement that putative plaintiffs "affirmatively demonstrate his compliance" with Rule 23, *Id.* at 2551, Courts must liberally apply discovery rules during a bifurcated class discovery phase to permit plaintiff to meet that burden.

        Third, these Contention Interrogatories, contrary to Defendants' suggestion, do not ask Defendants to speculate on what arguments Plaintiff may offer at the class certification stage.  These Contention Interrogatories ask Defendants to explain the contentions presented in Defendants' Answer, i.e., that this action cannot be maintained as a class action.  Presumably, Defendants had, and continue to have, a basis for making the allegations in their Answer.  Moreover, between the allegations of Plaintiff's First Amended Complaint and Plaintiff's responses to Defendants' contention interrogatories, Defendants have substantial notice of Plaintiff's theories on class certification.

       **2.**       **Plaintiff's Class-wide Discovery**

        Plaintiffs have propounded the following interrogatories and requests for production of documents seeking information regarding expense reimbursement and wage deductions for the entire class:

> INTERROGATORY NO. 9:
> During the RELEVANT TIME PERIOD, for each instance in which a SALES CONSULTANT who was paid STRAIGHT COMMISSION received an in-territory expense reimbursement or an open territory expense reimbursement, as referred to by YOUR 30(b)(6) witness, Jacqueline Meister, provide the following:
> A. IDENTIFY each expense reimbursement by date, amount, and name of the SALES CONSULTANT who received the expense reimbursement;

5

B. IDENTIFY ALL DOCUMENTS RELATED to each expense reimbursement;
C. IDENTIFY ALL COMMUNICATIONS made by ANY PERSON RELATED to such expense reimbursement, and IDENTIFY the PERSON making such COMMUNICATION; AND
D. IDENTIFY each PERSON who has any knowledge of such expense reimbursement.

REQUEST FOR PRODUCTION NO. 51:
ALL copies, electronically stored or not, of wage statements (as described in Cal. Lab. Code § 226) for SALES CONSULTANTS who are paid STRAIGHT COMMISSION that identify the amounts that represent reimbursement for the SALES CONSULTANT'S expenses, if any.

REQUEST FOR PRODUCTION NO. 60:
ALL EXPENSE REIMBURSEMENT RECORDS reflecting in-territory expense reimbursements provided to SALES CONSULTANTS receiving STRAIGHT COMMISSION during the RELEVANT TIME PERIOD.

REQUEST FOR PRODUCTION NO. 61:
ALL DOCUMENTS reflecting requests for reimbursements for in-territory expenses by SALES CONSULTANTS receiving FULL COMMISSION during the RELEVANT TIME PERIOD.

REQUEST FOR PRODUCTION NO. 62:
ALL DOCUMENTS reflecting YOUR responses to requests for reimbursements for in-territory expenses by SALES CONSULTANTS receiving FULL COMMISSION during the RELEVANT TIME PERIOD.

REQUEST FOR PRODUCTION NO. 63:
ALL EXPENSE REIMBURSEMENT RECORDS reflecting out-of-territory expense reimbursements provided to SALES CONSULTANTS receiving FULL COMMISSION while covering a territory for another SALES CONSULTANT during the RELEVANT TIME PERIOD

REQUEST FOR PRODUCTION NO. 64:
ALL DOCUMENTS reflecting requests for reimbursements for out-of-territory expenses by SALES CONSULTANTS receiving FULL COMMISSION while covering a territory for another SALES CONSULTANT during the RELEVANT TIME PERIOD.

REQUEST FOR PRODUCTION NO. 65:
ALL DOCUMENTS reflecting YOUR responses to requests for reimbursements for out-of-territory expenses by SALES CONSULTANTS receiving FULL COMMISSION while covering a territory for another SALES CONSULTANT during the RELEVANT TIME PERIOD.

REQUEST FOR PRODUCTION NO. 66:
DOCUMENTS sufficient to identify the number and dollar amount of deductions taken each year from ALL SALES CONSULTANTS during the RELEVANT TIME PERIOD.

REQUEST FOR PRODUCTION NO. 67:
The wage statements for ALL SALES CONSULTANTS for the final pay periods of each year during the RELEVANT TIME PERIOD.

(Doc. 79, 20-31.)

Among other objections, Defendants primarily object to these requests for three reasons: (1) these requests are beyond the scope of permissible discovery during a bifurcated class discovery phase, or the requests are otherwise irrelevant to issues of class certification; (2) responding to these requests is unduly burdensome; and (3) Defendants have already produced a representative sample of this class-wide information.  (Doc. 79, 20-31.)

The Court will compel Defendants to respond to Plaintiffs' Class-wide Discovery.  Plaintiffs' Class-wide discovery requests are relevant to issues of both the merits of Plaintiff's claims and class certification.  Plaintiff's expense reimbursement and wage deduction discovery is relevant towards determining the as-applied policies at issue in this case.  This information has significant bearing on issues such as predominance and commonality under Rule 23.  The fact that this information simultaneously concerns the merits of Plaintiffs' claims is insignificant.  "Discovery relating to class certification is closely enmeshed with merits discovery, and in fact cannot be meaningfully developed without inquiry into basic issues of the litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 41 (N.D.Cal.1990); *see also, Yingling v. ebay, Inc.,* 2010 WL 373868 (N.D. Cal. 2010) ("As a general matter, the discovery sought in this category may be relevant to issues of commonality and predominance. And the discovery sought relates to the merits of the action. Other courts have noted that 'discovery can certainly be relevant both to class certification issues and to the merits.' *Ho v. Ernst & Young*, LLP, 2007 WL 1394007" (N.D. Cal. 2007)).  As noted above, this Court believes the Supreme Court's decision in *Dukes* requires trial courts to apply a liberal approach in conducting class discovery.

The Court does not find Plaintiff's Class-wide Discovery requests impose an undue burden on Defendants. Defendants argue its tracking systems do not segregate data in the manner requested in the discovery requests, thus, Defendants would have to manually review and segregate certain information before responding.

On a motion to compel discovery, the party from whom electronically stored information is sought must show that the information is not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B). If such a showing is made, a court may nonetheless order discovery

7

from such sources if the requesting party shows good cause, considering the limitations of Fed. R. Civ. P. (b)(2)(C). A court may limit discovery of electronic materials under F.R. Civ. P. 26(b)(2)(C) if: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C).

Defendants have not made a showing that the requested information is inaccessible because of undue burden or cost.  Indeed, despite a forty-five page joint statement, Defendants did not present any evidence that responding to these requests is unduly burdensome.  *See e.g., Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1559 (11th Cir.1985) (conclusory recitations of expense and burdensomeness are not sufficiently specific to demonstrate why requested discovery is objectionable).  At oral argument, Defendants' counsel waited until the waning moments of the hearing to note that it took one individual three days to assimilate a representative sample for sixteen putative class members.

Even assuming, however, Defendants' representations are completely accurate, Plaintiff's requests are not overly burdensome. The fact that Defendants do not segregate the data in the precise manner it is requested and would be required to manually review some of the data entries does not make Plaintiff's requests inaccessible "because of undue burden or cost."  Moreover, Plaintiff has shown good cause for the information, because it is highly relevant towards Plaintiff's burden to demonstrate commonality and predominance at class certification.  Finally, the Court notes that the entire putative class consists of 175 people, and Defendants have already provided this information for approximately 15% of the class.  The Court does not find that providing this information for the rest of the class is overly burdensome.

3.   **Communications Discovery**

Plaintiffs have propounded the following requests for production of documents seeking information regarding communications and related documents for two categories of information: (1) communications between seventeen individuals identified in Defendants' initial disclosures concerning the "subject matter" of this action; and (2) communications with 30 putative class members who are filing declarations on Defendant's behalf:

REQUEST FOR PRODUCTION NO. 53:
ALL COMMUNICATIONS during the RELEVANT TIME PERIOD CONCERNING the SUBJECT MATTERS of this ACTION with the individuals identified in YOUR INITIAL DISCLOSURES, including LINDELL, Jacqueline Meister, Indiya Hynd, Lilian Early, David Wholey, Erik Sorenson, Jay Edington, Cynthia Shillinglaw, Steve Bertz, Mike Landau, Bob Bennett, Laurie Hurley, Dave Waibel, Melonie Andrews, Shelly Ray, Joan Rabuck, and Kristen Sweeney.

REQUEST FOR PRODUCTION NO. 54:
ALL DOCUMENTS authored by the individuals identified in YOUR INITIAL DISCLOSURES during the RELEVANT TIME PERIOD CONCERNING the SUBJECT MATTERS of this ACTION, including LINDELL, Jacqueline Meister, Indiya Hynd, Lilian Early, David Wholey, Erik Sorenson, Jay Edington, Cynthia Shillinglaw, Steve Bertz, Mike Landau, Bob Bennett, Laurie Hurley, Dave Waibel, Melonie Andrews, Shelly Ray, Joan Rabuck, and Kristen Sweeney.

REQUEST FOR PRODUCTION NO. 55:
ALL COMMUNICATIONS during the RELEVANT TIME PERIOD CONCERNING the SUBJECT MATTERS of this ACTION with Michael Abel, Quinn Baker, John D. Bartlett, Craig Becky, Elliot Bloom, James Bommarito, John Branco, Michael Bruce, Jason Buran, Ryan Edwards, Wade Felty, Bill Gardner, David Gennett, Toby Goeckeritz, Raymond Hahn, Captain Hayes, Julia Heil, Alex Hollowell, Ryan Loizu, Timothy McDermott, Eric Miller, Benjamin Minor, Bryan Murray, Ryan Pratt, Aaron Price, Paul Reitmeier, Brent Scurci, William Thiele, Albert Turner, and Jay Wisner, and any other author of any DOCUMENT produced in response to Request for Production No. 52, above.

RESPONSE TO REQUEST NOS. 53-55:
Defendant specifically objects to th[ese]Request[s] on the grounds that the definition of "All" contained in the Request is overly broad, unduly burdensome, and harassing; and the definition of "Subject Matters of this Action" is overly broad, vague, and ambiguous. Defendant further objects to this Request on the grounds that it is duplicative of earlier discovery requests; overly broad; infringes upon the right to privacy; burdensome, oppressive, and harassing; vague and ambiguous insofar as the Request is open-ended and fails to identify with whom the identified individuals had communications; vague and ambiguous with regard to the term "any other author"; seeks disclosure of information protected by the attorney-client privilege or the attorney work-product doctrine; and seeks documents that are not relevant to the precertification proceedings.

The Court will sustain Defendants' objections that the requests are overbroad.   Under Fed. R. Civ. P. 34(b)(1)(A), a request for production must describe an item "with reasonable

9

1  particularity," which requires the responding party to give reasonable notice of what is required.

2  *Chatman v. Felker,* CIV S–03–2415 JAM KJM P, 2009 U.S. Dist. LEXIS 4747, at *19 (E.D. Cal.

3  January 23, 2009), citing *Bruggeman v. Blagojevich,* 219 F.R.D. 430, 436 (N.D. Ill. 2004).

4        Plaintiff fails to identify documents with reasonable particularity.  Based on Plaintiff's

5  definitions of the terms "communications," "relevant time period," "concerning," and  "subject

6  matter of this action," these requests ask for every written, oral or electronic transmission of

7  information referring to, describing, evidencing or constituting Defendants' compensation, expense

8  reimbursement, deduction or commission policies and practices over the last six years.  These

9  requests to not describe the sought items with "reasonable particularity."  Further, these requests

10  seek information well beyond the scope of the First Amended Complaint.  This case concerns

11  Defendant's expense reimbursement and wage deduction practices.  These document requests seek

12  communications which encompasses every communication related to expenses or wages.

13  Accordingly, the categories are overbroad and not stated with reasonable particularity.

14      **D.**    **Plaintiffs' Document Requests Number 49 & 50**

15        Plaintiffs also propounded the following document requests seeking all documents related to

16  Defendants' interrogatory responses:

17
18  REQUEST FOR PRODUCTION NO. 49:
   ALL DOCUMENTS referred to, relied upon, or consulted in YOUR responses to
   Plaintiff's First Set of Interrogatories to Defendants.

19
20  RESPONSE TO REQUEST NO. 49:
   Defendant specifically objects to this Request on the grounds that the definition of
   "Your" contained in the Request is overly broad, unduly burdensome, and harassing.
21  Defendant further objects to this Request on the grounds it seeks disclosure of
   information protected by the attorney-client privilege or the attorney work-produce
22  doctrine. Defendant further objects to this Request on the grounds that it is
   burdensome and oppressive; overly broad; and premature. Defendant further objects
23  to this Request on the ground that it is inconsistent with Rule 34 of the Federal Rules
   of Civil Procedure because it fails to describe with reasonable particularity each
24  documents or category of documents to be produced. Subject to and without waiving
   the foregoing objections, Defendant refers Plaintiff to documents bearing bates nos.
25  SYNTHES 00602-00603, 002723-002733, 003091, and 001775-1779, which
   Defendant has already produced.

26  REQUEST FOR PRODUCTION NO. 50:
27  ALL DOCUMENTS that support your responses to Plaintiff's First Set of
   Interrogatories to Defendants.

28  RESPONSE TO REQUEST NO. 50:

**ORDER**

1   Defendant specifically objects to this Request on the grounds that the definition of
    "Your" contained in the Request is overly broad, unduly burdensome, and harassing.
2   Defendant further objects to this Request on the grounds it seeks disclosure of
    information protected by the attorney-client privilege or the attorney work-produce
3   doctrine. Defendant further objects to this Request on the grounds that it is
    burdensome and oppressive; overly broad; and premature. Defendant further objects
4   to this Request on the ground that it is inconsistent with Rule 34 of the Federal Rules
    of Civil Procedure because it fails to describe with reasonable particularity each
5   documents or category of documents to be produced. Subject to and without waiving
    the foregoing objections, Defendant refers Plaintiff to documents bearing bates nos.
6   SYNTHES 00602-00603, 002723-002733, 003091, and 001775-1779, which
    Defendant has already produced.

7   (Doc. 79, 42: 10-22.)

8          The Court will sustain Defendants' overbroad objections. These document requests

9   fail to describe the sought items with reasonable particularity, and are overbroad.  Fed. R.

10  Civ. P. 34(b)(1)(A).  The Court will not compel further responses to these requests.

11                                          **CONCLUSION**

12         Based on the foregoing, the Court GRANTS IN PART, and DENIES IN PART

13  Plaintiff's Motion to Compel Further Discovery.  (Doc. 69).

14         The Court GRANTS Plaintiff's Motion to Compel Further Responses to the following

15  discovery requests:

16  •   Plaintiff's Interrogatories Number 1, 2, 3, 4, 5, 6, 7, 8, 9; and

17  •   Plaintiff's Request for Production of Documents Number 51, 60, 61, 62, 63, 64, 65, 66 & 67.

18  Defendants shall provide further responses to these discovery requests no later than **July 1, 2013**.

19         The Court DENIES Plaintiff's Motion to Compel Further Discovery to the following

20  discovery requests:

21  •   Plaintiff's Request for Production of Documents Number 49, 50, 53, 54 & 55.

22  IT IS SO ORDERED.

23
    Dated:   __June 18, 2013__              __/s/ Barbara A. McAuliffe__
24                                          UNITED STATES MAGISTRATE JUDGE

25

26

27

28

                                          11
                                        **ORDER**