UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY M. LINDELL, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>        Plaintiff,<br><br>    vs.<br><br>SYNTHES USA, SYNTHES USA SALES LLC, SYNTHES SPINE COMPANY, LP,<br><br>        Defendants. | Case No.: No. 11-cv-02053-LJO-BAM<br><br>**ORDER STRIKING DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION (DOC. 102) MODIFYING BRIEFING SCHEDULE ON CLASS CERTIFICATION** |

Currently before the Court is Defendants' request for an order, *nunc pro tunc*, allowing Defendants to file an overlength opposition to Plaintiff's Motion for Class certification. (Doc. 108.) Defendants filed a 44-page opposition to Plaintiff's Motion for Class Certification on October 29, 2013, and filed the instant request shortly thereafter. (Doc. 102, 106.) Plaintiff filed an opposition to Defendants' request to file an overlength opposition on October 30, 2013.

Defendants acknowledge their filing of an overlength brief was procedurally improper as leave of Court was required to file a brief exceeding twenty-five pages. (Doc. 106.) Nonetheless, Defendants request an order granting leave to file an overlength brief, *nunc pro tunc*, due to the complexity of the issues and the rigorous analysis required at the class certification stage.

Plaintiff responds that, in addition to failing to comply with the Court's requirement to seek leave before filing an overlength brief, Defendants have not shown good cause to justify a need for excess pages. Specifically, Plaintiff argues a "20-page factual background" is

unnecessary in light of the legal and factual issues implicated by Plaintiff's Motion and unduly burdens the Court. Plaintiff also argues he would be prejudiced by having to respond to a 44-page brief with a 10-page reply.

As the parties are aware, "Judges in the Eastern District of California carry the heaviest caseload in the nation . . . ." *Aguilar v. Gen. Motors,* LLC, No. 1:13-CV-00437-LJO-GSA, 2013 WL 3872502, at *1 (E.D. Cal. July 25, 2013). This Court is unable to devote inordinate time and limited resources to individual cases and matters. Nor can the Court address every argument and matter raised by a party. Rather, the Court addresses only the arguments, evidence and matters necessary to reach a decision. Accordingly, the Court expects the parties to present a distilled, succinct presentation of the facts and law necessary to reach a decision.

Due in no small part to this Court's overburdened docket, unless leave of Court is obtained in advance, moving and opposition briefs or legal memorandum in civil cases are limited to twenty-five pages. (Standing Order of Magistrate Judge Barbara A. McAuliffe ¶8.) Defendants failed to comply with this Court's page limitations or timely seek leave to file an overlength opposition.

Moreover, Defendants have not articulated good cause to obtain relief from this limitation. Defendants' general and unsupported assertion that this case is complex is not persuasive. Having briefly reviewed the parties' papers, the *relevant* factual and legal issues can be articulated within the standard page limitations. The rigorous analysis required under Fed. R. Civ. P. 23 does not justify an overlength brief, as this Court routinely decides complex motions for class certification which are briefed within the standard page limitations. Nonetheless, the Court will grant a small expansion of the length of the brief.

Based on the foregoing, the Court ORDERS as follows:

1. Defendants' Request to file an overlength brief (Doc. 106, 108) is DENIED;

2. Defendants' Opposition TO Plaintiff's Motion for Class Certification (Doc. 102) is STRICKEN;

3. Defendants' Request to Seal Documents (Doc. 104) is DENIED as moot.

Concerning the briefing and hearing schedule on Plaintiff's Motion for Class Certification, the Court FURTHER ORDERS the following:

1. Defendants' opposition to Plaintiff's Motion for Class Certification shall be filed on or before November 5, 2013. Defendants' Opposition shall not exceed thirty (30) pages.

2. Plaintiff's Reply shall be filed on or before November 25, 2013. Plaintiff's Reply shall not exceed fifteen (15) pages.

3. The December 20, 2013 hearing on Plaintiff's Motion for Class Certification is VACATED and CONTINUED to January 17, 2014, at 9:00 a.m., in Courtroom 8, before United States Magistrate Judge Barbara A. McAuliffe.

Failure to strictly comply with the terms of this Order will result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: **October 31, 2013**        /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE