Todd Jackson (SBN 202598)
Catha Worthman (SBN 230399)
Darin Ranahan (SBN 273532)
FEINBERG, JACKSON,
WORTHMAN & WASOW LLP
383 4th Street, Suite 201
Oakland, CA 94607
Telephone: (510) 269-7998
Facsimile: (510) 269-7994
todd@feinbergjackson.com
catha@feinbergjackson.com
darin@feinbergjackson.com

Charles Trudrung Taylor (SBN 127105)
Ana de Alba (SBN 253917)
LANG, RICHERT & PATCH
Fig Garden Financial Center
5200 North Palm Avenue, Fourth Floor
Fresno, CA 93704
Telephone: (559) 228-6700
Facsimile: (559) 228-6727
ctt@lrplaw.net
ada@lrplaw.net

*Counsel for Plaintiff and the Certified Classes*

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TROY M. LINDELL, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>SYNTHES USA, SYNTHES USA SALES LLC, SYNTHES SPINE COMPANY LP,<br><br>Defendants. | Case No. 1:11-CV-02053-LJO-BAM<br><br>**CLASS ACTION**<br><br>**FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**Court:** Hon. Barbara A. McAuliffe<br>**Courtroom:** 8<br>**Date:** September 9, 2016<br>**Time:** 9:00 a.m. |

Having considered the parties' written and oral submissions regarding Plaintiff's Motion for Preliminary Approval of Class Action Settlement ("the Motion"), and Defendants lack of opposition, the Court finds and recommends pursuant to Federal Rule of Civil Procedure 23 that the Motion should be granted.  THEREFORE, IT IS HEREBY RECOMMENDED THAT THE COURT ENTER THE FOLLOWING ORDER:

1.  This Order incorporates by reference the definitions in the Parties' Settlement Agreement (the "Settlement"), attached as Exhibit 1 to the Declaration of Catha Worthman filed in support of the Motion. (Doc. 249.)

2.  The Court preliminarily approves the Settlement as set forth herein, and finds that the Settlement is the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to the class representative or segments of the Settlement Class, and falls within the range of possible approval.

3.  The Court approves amendment of the definition of the Classes to specify an end date of the class of July 14, 2016. Accordingly, the Classes are hereby defined as:

    a.  An "Expense Class" of all former and current sales consultants who were employed by Synthes in California from four years prior to the filing of this action (December 13, 2007) to July 14, 2016, and who were subject to the following "straight commission" compensation policies:

        i.  The policy that sales consultants from the Trauma and Spine Sales Divisions who receive "straight commission" "are not eligible for an automobile allowance or in-territory business expense reimbursement"; and

        ii. The policy that sales consultants from the CMF Sales Division receive "a predetermined base salary of $30,000, plus a higher level of commission with no expenses;" and

    b.  A "Deductions Class" of all former and current Sales Consultants who were employed by Synthes in California from four years prior to the filing of this action (December 13, 2007) to July 14, 2016, who at some time during Synthes' employ had a deduction assessed against them.

4.  The Court appoints and designates as Class Counsel the following attorneys and firms:

    a.  Todd Jackson, Catha Worthman, and Darin Ranahan at Feinberg, Jackson, Worthman & Wasow LLP, 383 4th St., Suite 201, Oakland, CA 94607; and

        b.        Charles Trudrung Taylor and Ana de Alba at Lang, Richert & Patch, Fig Garden Financial Center 5200 North Palm Avenue, Fourth Floor, Fresno, CA 93704.

5. The Court appoints and designates, for settlement purposes only, Settlement Services, Inc., as Settlement Administrator, and approves payment of actual settlement administration funds from the Settlement Amount.

6. Class Counsel is authorized to act on behalf of Class Members with respect to all acts or consents required by, or which may be given pursuant to, the Settlement, and such other acts reasonably necessary to consummate the Settlement. Any Class Member may enter an appearance through counsel of such individual's own choosing and at such individual's own expense. Any Class Member who does not enter an appearance or appear on his or her own will be represented by Class Counsel.

7. The Court hereby approves, as to form and content, the Class Notice, attached hereto as Exhibit A. The Court finds that distribution of the Class Notice substantially conforming to the manner and form set forth in the Settlement and this Order meets the requirements of due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

8. Notice shall be provided to Settlement Class Members in the following manner: within ten (10) days of the Court's entry of this Order, Defendants will provide to the Settlement Administrator the names, Last Known Addresses and telephone numbers, Social Security numbers, dates of employment as a member of the Expense Class, deductions per year for the Class Period, and whether or not each Settlement Class Member was employed by Synthes as of July 14, 2016. The data for dates of employment as a member of the Expense Class shall be consistent with the data provided to Class Counsel with the class list on April 27, 2016, supplemented as set forth in in the Settlement Agreement ¶ 46. The data for deductions per year for the Class Period shall be consistent with the data provided to Class Counsel in the "Total deductions from Paystubs" section of the "Crosstab Payroll Deduct by year" tab of the spreadsheet titled "Exhibit 41.xlsx" produced by Synthes in August 2015 in response to

FINDINGS AND RECOMMENDATIONS GRANTING
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
- 2 -

1  Plaintiff's subpoena of Raymond F. Dovell, as well as Class Members' final paystubs for 2015
2  and most recent paystub in 2016. Class Counsel will endeavor to supplement the contact
3  information provided by Defendants with any other contact information it has learned via its
4  investigation of this case and representation of the class.

5      9.    Within 10 days after receiving the Class Member information from Defendants,
6  the Settlement Administrator will send the Class Notice to each Class Member by U.S. Mail. In
7  the event of returned or non-deliverable Class Notices, the Settlement Administrator will make
8  reasonable efforts to locate Class Members and re-send the Class Notices by U.S. Mail within 5
9  days of the returned notice. The Class Notice will be deemed originally mailed on the first date it
10 is mailed.

11     10.    Class Notice will include a statement that Defendants will pay out the same total
12 amount regardless of how many Class Members participate and/or cash their checks, and that
13 there will be no retaliation for participation. Class Notice to each Class Member will also include
14 that Class Member's dates of employment as a member of the Expense Class, total deductions as
15 a member of the Deductions Class during the Class Period divided into the two periods before
16 2013 and from 2013 to the end of the Class Period, and a description of the method for
17 determining the total settlement award. Class Notice will also inform Class Members that they
18 may challenge their dates of employment as a member of the Expense Class and total amount of
19 deductions as a member of the Deductions Class during the Class Period, as shown in the Class
20 Notice, by contacting the Settlement Administrator with any supporting evidence within 15 days
21 of the date Class Notice was mailed. The Settlement Administrator shall have sole discretion in
22 evaluating such challenges, but shall permit Class Counsel and Defendants to submit evidence
23 and argument in support of or against such challenges. A decision on such a challenge shall be
24 rendered in no less than 15 days following submission of supporting evidence.

25     11.    To Opt Out of the settlement, a Class Member must send a letter to the Settlement
26 Administrator postmarked no later than 45 days after Class Notice was originally mailed.

27     12.    To object to the settlement, a Class Member must submit his or her objection to
28 the Clerk of the Court, with copies to the Settlement Administrator and counsel for the Parties,

postmarked no later than 45 days after Class Notice was originally mailed.

13. Plaintiff will move the Court for Final Approval of the settlement. No later than 5 business days before filing for Final Approval, Plaintiff will share with Synthes' counsel a draft memorandum of points and authorities in support of the motion for Final Approval.

14. At least 14 days before the deadline for Class Members to object to the settlement, Plaintiff will move for attorneys' fees not to exceed 30% of the Settlement Amount, plus reimbursement of litigation expenses not to exceed $200,000, not including the Settlement Administrator's fees and expenses. Defendants will issue to each Class Counsel firm a Form 1099 with respect to their awarded attorneys' fees and costs.

15. Concurrent with his Final Approval and attorneys' fees motion, Plaintiff will move for a service award of up to $10,000 for the Class Representative, to be paid out of the Settlement Amount. Defendants will not oppose Plaintiff's application to the Court for a service award of up to $10,000 to the Class Representative to be paid out of the Settlement Amount, in addition to the Class Representative's Settlement Award payment as a Settlement Class Member.

16. The fairness hearing, at which the three motions described in paragraphs 13 to 15 shall be heard, will be on December 16, 2016 at 9:00 a.m., or as soon thereafter as the Court orders, leaving sufficient time for the notice and opt out procedure described above. The Motion for Judgment and Final Approval shall be filed with the Court no later than 28 calendar days before the date of the Fairness Hearing.

17. As of the date this Order is signed, all dates and deadlines associated with this action shall be stayed, other than those pertaining to the administration of the Settlement of the action.

18. In the event that the Court does not grant final approval and the Settlement fails to become effective, the Settlement shall become null and void and shall have no bearing on, and shall not be admissible in connection with, further proceedings in this Action or in any other judicial, administrative, or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural. Notwithstanding the preceding sentence, the Settlement shall be admissible in any action or proceeding to approve, interpret or enforce the Settlement. None of

the Parties to the Settlement will be deemed to have waived any claims, objections, defenses, privileges, or arguments with respect to the merits of Plaintiff's claims or Defendants' defenses to those claims.

19. The Court reserves the right to adjourn or continue all dates provided for in the Settlement without further notice to the Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.

IT IS SO ORDERED.

Dated: **September 12, 2016**         /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE

FINDINGS AND RECOMMENDATIONS GRANTING
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
- 5 -