Todd Jackson (SBN 202598)
Catha Worthman (SBN 230399)
Darin Ranahan (SBN 273532)
FEINBERG, JACKSON,
WORTHMAN & WASOW LLP
383 4th Street, Suite 201
Oakland, CA 94607
Telephone: (510) 269-7998
Facsimile: (510) 269-7994
todd@feinbergjackson.com
catha@feinbergjackson.com
darin@feinbergjackson.com

Charles Trudrung Taylor (SBN 127105)
Ana de Alba (SBN 253917)
LANG, RICHERT & PATCH
Fig Garden Financial Center
5200 North Palm Avenue, Fourth Floor
Fresno, CA 93704
Telephone: (559) 228-6700
Facsimile: (559) 228-6727
ctt@lrplaw.net
ada@lrplaw.net

Counsel for Plaintiff and the Certified Classes

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

TROY M. LINDELL, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,

Plaintiff,

v.

SYNTHES USA, SYNTHES USA SALES LLC, SYNTHES SPINE COMPANY LP,

Defendants.

Case No. 1:11-CV-02053-LJO-BAM

**CLASS ACTION**

**FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S (1) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND (2) MOTION FOR AWARD OF ATTORNEYS' FEES & COSTS AND CLASS REPRESENTATIVE SERVICE AWARD**

On December 16, 2016, a hearing was held on the motion of Plaintiff Troy Lindell for final approval of the class action settlement in this matter, which this Court preliminarily approved in its findings and recommendations dated September 13, 2016 as adopted by an order dated September 21, 2016 (collectively, the "Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to object to it or to exclude themselves from its provisions, as well as to submit challenges to the data from which their distributions under the settlement will be calculated.

Having considered the parties' written and oral submissions regarding Plaintiff's Motion for Final Approval of Class Action Settlement (the "Final Approval Motion") and Plaintiff's Motion for Award of Attorneys' Fees & Costs and Class Representative Service Award (the "Fee Motion") (collectively, the "Motions"), the Court finds and recommends pursuant to Federal Rule of Civil Procedure 23 that the Motions should be granted. The Court THEREFORE RECOMMENDS that the Court enter the following:

1.     This Order incorporates by reference the definitions in the Parties' Settlement Agreement (the "Settlement"), attached as Exhibit 1 to the Declaration of Catha Worthman filed in support of Plaintiff's preliminary approval motion (ECF No. 249-4). This includes the following final definition of the classes in this matter, as previously adopted by the Court in its preliminary approval order:

> a. An "Expense Class" of all former and current sales consultants who were employed by Synthes in California from four years prior to the filing of this action (December 13, 2007) to July 14, 2016, and who were subject to the following "straight commission" compensation policies:
>
>> i. The policy that sales consultants from the Trauma and Spine Sales Divisions who receive "straight commission" "are not eligible for an automobile allowance or in-territory business expense reimbursement"; and
>>
>> ii. The policy that sales consultants from the CMF Sales Division receive "a predetermined base salary of $30,000, plus a higher level of commission with no expenses;" and
>
> b. A "Deductions Class" of all former and current Sales Consultants who were employed by Synthes in California from four years prior

FINDINGS AND RECOMMENDATIONS GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
AND AWARDING ATTORNEYS' FEES & COSTS AND SERVICE AWARD

- 1 -

to the filing of this action (December 13, 2007) to July 14, 2016, who at some time during Synthes' employ had a deduction assessed against them.

ECF No. 257.

### The Settlement Is Fair, Reasonable, and Adequate

2.      Pursuant to the Preliminary Approval Order, the Settlement Administrator sent a Notice of Proposed Class Action Settlement and Class Action Settlement Hearing (the "Class Notice") to each Class Member by first-class mail.  The Class Notice informed Class Members of the terms of the Settlement, their right to object to the Settlement, to elect not to participate in the Settlement, or to challenge the data by which their distribution would be calculated, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement.  Adequate periods of time were provided for these procedures.

3.      The Court finds and determines that the Class Notice and the procedure for its distribution afforded adequate protections to Class Members and provide the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. Notice was accomplished in all material respects in the manner prescribed by the Settlement. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

4.      Pursuant to Rule 23(e), the Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Classes and to each Class Member and that the Class Members who have not opted out will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated. The Court specifically finds that the Settlement is rationally related to the strength of plaintiffs' claims given the risk, expense, complexity, and duration of further litigation. This Court also finds that the Settlement is the result of arms-length negotiations between experienced counsel representing the interests of the class and Synthes, after thorough factual and legal investigation.  *Staton v. Boeing,* 327 F.3d 938, 960 (9th Cir. 2003); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992).

5.      The Court further finds that the response of the Certified Classes to the Settlement

FINDINGS AND RECOMMENDATIONS GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES & COSTS AND SERVICE AWARD

- 2 -

1   supports settlement approval.  Of the 186 class members, none elected to opt out of the

2   Settlement. No class member filed written objections to the Settlement as part of this notice

3   process or stated an intent to appear at the final approval hearing. Only a single class member

4   challenged the data upon which his distribution would be determined, which challenge was

5   resolved by the Settlement Administrator and the parties.

6         6.     The Court finds and determines that the proposed plan of allocation is rationally

7   related to the relative strengths of the respective claims asserted. The Court hereby gives final

8   approval to and orders the payment to Class Members in accordance with the terms of the

9   Settlement.

10   **Attorneys' Fees and Reimbursement of Expenses**

11         7.     The Court concludes that Plaintiffs' request for attorneys' fees and litigation

12   expenses is reasonable, and awards Class Counsel $1,500,000 in attorneys' fees, and

13   reimbursement for costs of up to $185,000 to be determined by the Settlement Administrator

14   based upon a final showing submitted by Class Counsel to the Settlement Administrator at the

15   time of distribution.

16         8.     The requested fees are fair and reasonable under the percentage method for

17   determining attorneys' fees from a common fund, as verified by a lodestar cross-check. *Laffitte v.*

18   *Robert Half Internat'l, Inc.*, 1 Cal. 5th 480, 504-06 (2016). The court has considered the multi-

19   factor test set forth in *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002), and

20   determined that award of fees of 30% of the common fund is justified by the excellent results

21   achieved for the Certified Classes, a settlement payment of $5,0000,000; the risk to Class Counsel

22   in taking this case; the substantial incidental benefits to the Certified Classes, including cessation

23   of one the challenged deductions and modification of the challenged expense policy; Class

24   Counsel's expectations based on fees awarded in similar litigation; and the burden borne by Class

25   Counsel over the past five years since initiating this litigation. In addition, Class Counsel has

26   expended considerable time on this matter and incurred a lodestar substantially larger than the

27   requested fee, at both market and local Fresno rates.

28         9.     In addition, the Court concludes that the litigation expenses of up to $185,000

FINDINGS AND RECOMMENDATIONS GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES & COSTS AND SERVICE AWARD

- 3 -

were or will be incurred in the prosecution of the action and execution of the Settlement and were

and are reasonable and proper. Attorneys are entitled to "recover as part of the award of

attorney's fees those out-of-pocket expenses that would normally be charged to a fee-paying

client." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir.1994) (citation omitted). In addition, the

Court authorizes distribution of additional actual costs incurred up to $185,000 by the Settlement

Administrator upon a final showing by Class Counsel at the time of distribution.

    10.    The Court therefore grants the motion for attorneys' fees and costs.

### Class Representative Service Award

    11.    The Court concludes that Plaintiff's request for a service award of $10,000 is

reasonable. Courts commonly grant service awards in class action cases to compensate named

plaintiffs for the time and effort they spent in assisting the prosecution of the action, the risks they

incurred by being a litigant, and any other burdens they bore. *Rodriguez v. West Publishing Co.*,

563 F.3d 948, 958-59 (9th Cir. 2009); *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003).

The requested service award—at 0.2% of the total settlement and less than the average

distribution of over $17,000—is in line with service awards in this district. *See, e.g.*, *Ontiveros v.*

*Zamora*, 303 F.R.D. 356, 366 (E.D. Cal. 2014) (approving $15,000 service award); *Monterrubio v.*

*Best Buy Stores*, 291 F.R.D. 443, 463 (E.D. Cal. 2013) (approving service award of $2500, 0.62%

of the total settlement, where average distribution was only $66). Moreover, Mr. Lindell

undertook substantial effort and risk to participate as Class Representative.

    12.    The Court therefore grants Plaintiff's request for a service award of $10,000.

### Settlement Administration

    13.    The Court approves payment of settlement administration expenses to the

Settlement Administrator, Settlement Services, Inc. ("SSI"), in an amount not to exceed $20,000.

    14.    The Court approves the Legal Aid Society—Employment Law Center ("LAS-

ELC") as the *cy pres* beneficiary of any remaining funds from uncashed settlement payment

checks pursuant to paragraph 44 of the Settlement Agreement. "The mission of the LAS-ELC is

to promote the stability of low-income workers, and represent such workers in claims arising

from violations of federal and state wage and hour laws." *See Legal Aid Society—Employment*

FINDINGS AND RECOMMENDATIONS GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
AND AWARDING ATTORNEYS' FEES & COSTS AND SERVICE AWARD

- 4 -

Law Center, https://las-elc.org/about. As such, there is a substantial nexus between the proposed *cy pres* recipient and the interests of the class members. *See Lane v. Facebook, Inc.*, 696 F.3d 811, 821 (9th Cir. 2012). Therefore, LAS-ELC is an appropriate *cy pres* beneficiary for this lawsuit, which sought to vindicate state wage and hour laws on behalf of the Certified Classes.

### CAFA and PAGA Notice

15.     Pursuant to CAFA, not later than 10 days after the motion seeking preliminary approval of the Settlement was filed in court, Synthes served upon the Attorney General of the United States and the appropriate state official of each state in which a class member resides a notice of the Settlement consisting of: a copy of the complaint in this action; a notice of the scheduled judicial hearings in this class action; copies of the Settlement and proposed Class Notice; and the estimated number of class members who reside in each state and the estimated proportionate share of the claims of class members in each state.  The notice of Settlement also invited comment on the Settlement.  This Final Approval Order is not being issued earlier than 90 days after the later of the dates on which the appropriate federal and state officials were served with the notice of proposed settlement.

16.     The Court finds and determines that Synthes' notice of Settlement was timely, adequate, and compliant with the statutory requirements of CAFA. Accordingly, 28 U.S.C. § 1715(e) has no application to the Settlement.

17.     Pursuant to California's Private Attorney General Act ("PAGA"), California Labor Code section 2699(l)(2), Plaintiff submitted to the California Labor and Workforce Development Agency (LWDA) the proposed settlement of this matter simultaneously with his Motion for Final Approval, fulfilling the statutory requirements of section 2699(l)(2).

### Dismissal of This Action and Entry of Final Judgment

18.     By operation of the entry of these Findings and Recommendations for Final Approval and upon final adoption by the District Judge, pursuant to the Settlement, all Class Members are permanently barred from prosecuting any Released Claims against any of the Released Parties, as defined in the Settlement Agreement.

19.     If, for any reason, the Settlement ultimately does not become Final, this Final

FINDINGS AND RECOMMENDATIONS GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
AND AWARDING ATTORNEYS' FEES & COSTS AND SERVICE AWARD

1   Approval Order will be vacated; the Parties will return to their respective positions in this action
2   as those positions existed immediately before the parties executed the Settlement.

3          20.     Without affecting the finality of the Court's judgment in any way, the Court
4   retains jurisdiction over this matter for purposes of resolving issues relating to interpretation,
5   administration, implementation, effectuation, and enforcement of the Settlement.

6          21.     This action is dismissed with prejudice, each side to bear its own costs and
7   attorneys' fees except as provided by the Settlement and the Court's orders.

8          22.     By means of this Final Approval Order, this Court hereby directs the Clerk of the
9   Court to enter final judgment in this action pursuant to Federal Rule of Civil Procedure 58.

10          These findings and recommendations are submitted to the district judge assigned to this
11   action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local
12   Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file
13   written objections to these findings and recommendations with the Court and serve a copy on all
14   parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and
15   Recommendations."  The district judge will review the magistrate judge's findings and
16   recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C).  The
17   parties are advised that failure to file objections within the specified time may waive the right to
18   appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

19          IT IS SO ORDERED.

20

21   Dated:   **December 20, 2016**            /s/ *Barbara A. McAuliffe*
22                                                 UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

FINDINGS AND RECOMMENDATIONS GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
AND AWARDING ATTORNEYS' FEES & COSTS AND SERVICE AWARD

- 6 -